IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY** | **PLAINTIFF/PETITIONER** |
| V. | CASE: 1:22cv157TBM-RHWR |
| **EXECUTIVE PROPERTIES MANAGEMENT, INC. and ESTATE OF WILLIAM C. GRYDER, V.** | **DEFENDANTS/ INTERESTED PARTIES** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allstate Insurance Company ("Allstate"), files this Complaint for Declaratory Judgment against Executive Properties Management Inc. and the Estate of William C. Gryder V., pursuant to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C § 2201, and in support thereof, would show unto the Court the following:

### NATURE OF ACTION

1. In bringing this suit, Allstate seeks a declaration concerning its potential duties and obligations under a commercial auto insurance policy that existed between Allstate and its' named insured, Executive Properties Management, Inc. (Policy No. 648841081) (hereinafter the "Allstate Policy" or "Policy"). *See* Allstate Policy, "**Exhibit A**". The Allstate Policy provides coverage for, among others, underinsured motorist benefits of $750,000. As the result of a very unfortunate fatal motorcycle accident involving William C. Gryder, V. (deceased), who, upon information and belief, was the president and/or shareholder of Executive Properties Management, Inc, a claim was made for the $750,000 underinsured motorist policy limits available under the Allstate Policy. However, pursuant to the terms of the Policy, Allstate determined that coverage for underinsured

motorist benefits appeared to be excluded because, among others, (1) Mr. Gryder was not an "insured" under the Allstate Policy, and (2) Mr. Gryder did not appear to be driving a "covered auto" at the time of the subject accident. For these reasons, and those set forth more fully herein below, Allstate requests this Court declare that the Allstate Policy does not provide coverage of underinsured motorist bodily injury benefits for William C. Gryder, V. (deceased) relative to the subject accident.

## PARTIES

2. Plaintiff/Petitioner, Allstate, is an Illinois insurance company incorporated under the Illinois Insurance Code and maintains a principal place of business in Illinois.

3. Defendant/Interested Party, Executive Properties Management, Inc., is a Mississippi corporation with its principal place of business in Ocean Springs, Mississippi, and can be served with process through its registered agent, Micha V. Gryder, located at 2113 Government Place Building D4 Ocean Springs, Mississippi 39564.

4. At the time of his death, William C. Gryder, V. (deceased) was an adult resident citizen of Jackson County, Ocean Springs, Mississippi. The Estate of William C. Gryder, V. is open and pending in Jackson County Chancery Court, Case No. 30CH1:20-cv-01982-MAM. The duly appointed Co-Administrators of the Estate of William C. Gryder, V., having taken the requite oath and been issued Letters Testamentary by the Chancery Court, are Micha V. Gryder and Garlyn M. Gryder, who, upon information and belief, are both adult resident citizens of Jackson County, Ocean Springs, Mississippi and may be served with process at their mutual address located at 1212 Iola Rd. Ocean Springs, MS 39564.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332 and the Declaratory Judgment Act. There is complete diversity of citizenship between the parties, as this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1]

6. Jurisdiction is further appropriate because this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. Allstate has denied coverage under the Allstate Policy; thus, an actual and justiciable controversy exists between the parties involving the rights and liabilities under the Policy.

7. Defendants/Interested Parties are all resident citizens of Jackson County, Ocean Springs, Mississippi, thereby vesting this Court with personal jurisdiction over Defendants/Interested Parties and making the Southern Division of the Southern District of Mississippi the appropriate venue for this case.

## UNDERLYING FACTS AND THE ALLSTATE POLICY

### *The Subject Accident*

8. On or about November 24, 2020, William C. Gryder V. (deceased) was involved in a fatal motor vehicle accident. According to the Uniform Crash Report, Mr. Gryder was operating a 2007 Honda motorcycle when it was struck by a vehicle operated by Michael Leggett. The Uniform Crash Report indicates that Mr. Gryder passed away at the scene. *See* Uniform Crash Report, "**Exhibit B**".

9. The 2007 Honda motorcycle that Mr. Gryder was driving at the time of the subject accident was his personal motorcycle, and, upon information and belief, it was insured under a personal automobile/motorcycle policy with Geico Insurance Company.

---

[1] *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding amount-in-controversy in declaratory judgment action is equal to insurer's "potential liability under [the] policy.").

3

### *The Allstate Policy and Claim for UIM Benefits*

10. Mr. Gryder was the president and/or shareholder of the corporation Executive Management Properties, Inc., which maintained a commercial automobile policy with Allstate and that was in effect at the time of the subject accident. The Policy provided, among others, underinsured motorist bodily injury benefits of $750,000. *See* Allstate Policy, "Exhibit A."

11. The Allstate Policy lists only Executive Management Properties, Inc. as the named insured. Mr. Gryder is not listed as an "insured" or as an "additional insured" under the Policy. Further, the 2007 Honda motorcycle that Mr. Gryder was operating at the time of the subject accident is not listed as a "covered auto" under the Policy. *Id.*

12. After the subject accident, the Estate of William C. Gryder V. (deceased) retained legal counsel and submitted a demand to Allstate for the uninsured/underinsured motorist bodily injury benefits of $750,000 under the Allstate Policy.

13. Allstate conducted its investigation and in response to the demand on April 11, 2022, Allstate sent a reservation of rights letter to the attorney representing Mr. Gryder's Estate noting, among others, that Allstate reserved the right to disclaim uninsured/underinsured motorist bodily injury benefits because (1) Mr. Gryder was not an "insured" under the Allstate Policy and/or (2) the loss did not involve a "covered auto." *See* Reservation of Rights Letter, dated April 11, 2022 ("**Exhibit C**").

14. Now, out of an abundance of caution and as a measure of good faith, Allstate files this declaratory judgment complaint, requesting the Court construe the Policy and formally declare uninsured/underinsured motorist bodily injury coverage does not exist relative to Mr. Gryder and the subject accident.

## COUNT 1 - DECLARATORY JUDGMENT (NO UIM COVERAGE)

15. Allstate adopts and incorporates by reference the allegations in the above paragraphs as if set forth herein in full.

16. Pursuant to the terms of the Allstate Policy and applicable case law, the Policy does not provide coverage for uninsured/underinsured motorist benefits relative to Mr. William Gryder and the subject accident for two reasons.

17. First, coverage is not available because Mr. Gryder is not an "insured" under the Allstate Policy. The Policy lists Executive Properties Management, Inc. as the only named insured, and subsection B (2) of the Policy, relative to uninsured/underinsured motorist coverage, defines the following as "insureds" when a *corporation* is designated in the Declaration:

> **B.   Who Is An Insured**
> . . .
> a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
> b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
> c. Any person who uses a covered "auto" with the Named Insured's expressed or implied consent.
> d. The Named Insured for "property damage" only.

Exhibit A at p. 30.

18. Secondly, Mr. Gryder was not operating a "covered auto" when the accident occurred. For purposes of liability and uninsured/underinsured motorist coverage, the Policy defines a "covered auto" as "those 'autos' you own" and "those 'autos' described in Item Three of the Declarations." The Policy defines "you" as "the Named Insured shown in the Declarations" (i.e., Executive Management Properties, Inc.). *Id.* at p. 41.

19. The 2007 Honda motorcycle that Mr. Gryder was operating at the time of the

5

subject accident was his personal motorcycle. The motorcycle is not listed as a "covered auto" in the Declarations of the Policy, nor, upon information and belief, was the motorcycle being used as a substitute for any of the covered automobiles that are listed in the Declarations of the Policy.

20. Furthermore, Mississippi federal district courts that have interpreted similar policy language have consistently held that where a named insured is a corporation, uninsured/underinsured motorist bodily injury benefits are not extended to an officer/owner solely due to his or her status as an officer/owner. *See e.g., Taylor v. Hartford Cas. Ins. Co.*, No. 2:09-cv-231 KS-MTP, 2010 WL 5158634, at 8 (S.D. Miss. Dec. 14, 2010)("in situations where the only named insured is a corporation, uninsured motorist coverage is not extended to a corporate shareholder, solely due to his status as a shareholder")(citing *Steinwinder v. Aetna Casualty and Surety Co.*, 742 So.2d 1150, 1154–55 (Miss. 1999). *See also, Emps. Mut. Cas. Co. v. Normmurray Springs Bottled Water Co.*, No. CIVA1:08CV255-SADAS, 2010 WL 1238429, at 2 (N.D. Miss. Mar. 25, 2010), on reconsideration in part, No. 1:08CV255-SA-DAS, 2010 WL 3001226 (N.D. Miss. July 28, 2010)("[w]hen a corporation is the named insured, the corporation and the individual occupying a covered vehicle as defined by the policy is insured under the UM endorsement"); *Mills ex rel. Dotson v. Axis Insurance Co.*, No. 3:21-CV-00007, 2021 WL 2660614, 2 (S.D. Miss. Jan. 5, 2021)(denying plaintiff's motion for partial summary judgment holding decedent that owned car dealership was not an insured for purposes of UM coverage where decedent was not listed as the named insured and motorcycle was not a covered auto or a substitute for a covered auto under the insurance policy).

21. Accordingly, pursuant to the terms of the Allstate Policy and Mississippi federal case law, because Mr. Gryder is not a named "insured" under the Policy and because he was not operating a "covered auto," this collectively excludes coverage for uninsured/underinsured

motorist bodily injury benefits relative to Mr. William Gryder and the subject accident.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Petitioner, Allstate Insurance Company prays that this Court enter a declaratory judgment against Defendants/Interested Parties, Executive Properties Management, Inc. and the Estate of William C. Gryder V. (deceased) declaring that uninsured/underinsured motorist benefits are not recoverable on behalf of Mr. William Gryder under the Allstate Policy.

This the 24th day of June, 2022.

Respectfully submitted,

**ALLSTATE INSURANCE COMPANY**

BY: *Kaitlyn McMellon*
CORY L. RADICIONI (MSB #101761)
KAITLYN J. McMELLON (MSB #105704)

**OF COUNSEL:**
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, Mississippi 39205-0651
Telephone: (601) 968-5500
Facsimile: (601) 968-5593
clr@wisecarter.com

2510 14th Street, Suite 1125
Gulfport, Mississippi 39501
Telephone: (228) 867.4141
Facsimile: (228) 867.7142
kjm@wisecarter.com